Norman **WACHSTETTER**, d/b/a Wachstetter Excavating, Appellant/Cross–Claim–Plaintiff,

v.

**COUNTY PROPERTIES, LLC,** et al., Appellees/Third–Party–Defendants,

C. Fred Johnson, Appellee–Plaintiff,

v.

County Properties, LLC, et al., Appellees–Defendants.

No. 41A05–0410–CV–558.

Court of Appeals of Indiana.

Aug. 11, 2005.

Rehearing Denied Oct. 14, 2005.

Thomas W. Vander Luitgaren, Van Valer Law Firm, Greenwood, for Appellant.

Stephen L. Huddleston, Franklin, for Appellee.

## OPINION

BAKER, Judge.

Appellant/Cross–Claim–Plaintiff Norman Wachstetter, d/b/a Wachstetter Excavating (Wachstetter) appeals from the trial court's denial of his motion to amend the pleadings and grant of appellee-plaintiff C. Fred Johnson's (Johnson) motion for summary judgment.[1] Specifically, he contends that the trial court: (1) abused its discretion in refusing to permit Wachstetter to amend his pleadings to include a mechanic's lien claim; (2) erred in concluding that filing a motion to intervene instead of a complaint fails to fulfill the statutory requirements to preserve the right to enforce a mechanic's lien; (3) erred in concluding that filing a motion to intervene fails to toll the one-year statutory enforcement period for a mechanic's lien; and (4) erred in requiring strict, as opposed to substantial, compliance with the statute governing enforcement of mechanic's liens. Finding that a motion to intervene is neither a pleading nor a complaint, and finding no error, we affirm the judgment of the trial court.

## FACTS

On August 25, 1995, appellee/third-party-defendant County Properties, LLC (County Properties) granted to First Community Bank & Trust (First Community) a mortgage that was recorded with the Office of the Johnson County Recorder on September 22, 1995, to secure a loan agreement between the parties. County Properties' authorized agent and representative, Fred. C. Johnson,[2] contacted Wachstetter in 1997. Throughout 1997 and 1998, Fred C. Johnson authorized Wachstetter to perform general excavation work and to correct work performed by a prior contractor, including earthwork, correcting streets, cleaning ponds, and performing corrective work on the sewer and water lines.

Fred C. Johnson informed Wachstetter on more than one occasion that First Community would pay his invoices. Wachstetter submitted sixty-four invoices for payment during 1997 and 1998, twenty-seven of which were paid directly by First Community. The parties disputed how much was owed to Wachstetter: County Properties believed that it owed $103,260, while Wachstetter believed that he was owed $129,075.51. For the purposes of summary judgment, Wachstetter accepted County Properties' total.

On July 16, 1998, First Community filed a mortgage foreclosure suit against County Properties. On December 1, 1998, Wachstetter filed with the Johnson County Recorder a Sworn Statement and Notice of Intent to Hold Mechanic's Lien. On December 14, 1998, First Community filed a motion to amend its complaint and did not include Wachstetter as a party.

---

1. Wachstetter's brief states that he is appealing the trial court's denial of his motion for summary judgment, but in fact, the "Summary Judgment Order" that is certified for interlocutory appeal was a *grant* of Johnson's summary judgment motion. Appellant's Br. p. 5–6. Hence, Wachstetter's procedural posture is more accurately an appeal from the trial court's grant of Johnson's motion.

2. We note that according to Johnson, "Fred C. Johnson, representative of County Properties, LLC, is not one and the same person as C. Fred Johnson, appellee." Appellee's Br. p. 3.

On March 29, 1999, Wachstetter filed a motion to intervene based on his mechanic's lien. On October 10, 2000—almost two years after he filed his mechanic's lien—Wachstetter filed a cross-claim against County Properties containing a claim for an account stated and alleging quantum meruit and breach of contract. Subsequently, Johnson filed a motion to substitute himself for First Community after receiving an assignment of the mortgage at issue, which the trial court later granted.

On August 15, 2002, Johnson filed a summary judgment motion to foreclose the mortgage on the real estate and sought relief against County Properties but not against Wachstetter. Wachstetter filed a response and included a copy of his mechanic's lien.

On June 11, 2003, Johnson filed a Motion For Summary Judgment to Determine Priorities of Secured Interests, Liens and Mortgages, seeking to have his mortgage declared superior to Wachstetter's mechanic's lien. The trial court then granted summary judgment in favor of Johnson and against County Properties, but failed to determine the priority of the competing liens. The trial court's order allowed the foreclosure of Johnson's mortgage without reference to Wachstetter's mechanic's lien. After a motion made by Wachstetter, the trial court entered an order staying the sheriff's foreclosure sale until a determination was made regarding the lien priority.

On August 28, 2003, Wachstetter filed his response to Johnson's summary judgment motion, asking the trial court to order the real estate to be sold and the proceeds distributed to Wachstetter and Johnson on a prorated basis. On September 5, 2003, Johnson filed his reply, arguing for the first time, among other things, that Wachstetter failed to file suit on his claim in a timely fashion. Wachstetter filed a motion to strike the new issue, but the trial court overruled the motion and set a supplemental briefing schedule requiring Wachstetter to file a response to the new issue.

In Wachstetter's response brief, he argued that his motion to intervene filed less than one year after he recorded his mechanic's lien either satisfied or tolled the one-year statutory enforcement period. On December 3, 2003, the trial court entered an order determining, among other things, as follows: (1) Wachstetter failed to bring a claim to foreclose his mechanic's lien within the one-year statutory enforcement period; (2) strict compliance with the statutory timeframe was necessary; and (3) the loan secured by the mortgage and the mechanic's lien asserted by Wachstetter were entitled to parity.

Wachstetter then filed a Motion to Amend Pleadings to Conform to Evidence Presented in Summary Judgment Proceedings and a Motion to Reconsider, asking the trial court to permit him to amend his pleadings to include a mechanic's lien claim against Johnson and to reconsider the trial court's requirement of strict compliance with the statutory one-year enforcement period. On January 28, 2004, the trial court denied both motions. Wachstetter now appeals.

## DISCUSSION AND DECISION

### I.  Motion to Amend the Pleadings

■ Wachstetter first contends that the trial court erred in denying his motion to amend the pleadings. In particular, he argues that the trial court abused its discretion in refusing to permit Wachstetter to amend his pleadings to include a mechanic's lien claim.

██ The amendment of pleadings to conform to the evidence presented at trial is a matter within the trial court's discretion, and we will not reverse the trial court's decision barring an abuse of that discretion. *McCool v. Decatur County Bank of Greensburg*, 480 N.E.2d 596, 599 (Ind.Ct.App.1985). Indiana Trial Rule 15(B) states, in pertinent part, as follows: "[w]hen issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment ... may be made upon motion of any party at any time, even after judgment ...." In addition, Trial Rule 15(C) allows an amended pleading, under certain circumstances, to relate back "to the date of the original pleading."

In essence, Wachstetter seeks to add a mechanic's lien claim to his original pleading so that he will no longer be in violation of the statutory one-year enforcement period. Wachstetter filed his mechanic's lien on December 1, 1998. Accordingly, to preserve his claim he must have filed a claim on the lien by December 1, 1999. Wachstetter did not file his cross-claim in this case until October 1, 2000. Thus, to achieve Wachstetter's goal of relating a mechanic's lien claim back to his original pleading so that he will be within the requisite one-year period, we must define "pleading" to include his initial motion to intervene—filed on March 29, 1999.

Indiana Trial Rule 7(A) states that "pleadings shall consist of: (1) a complaint and an answer; (2) a reply to a denominated counterclaim; (3) an answer to a cross-claim; (4) a third-party complaint ...; and (5) a third-party answer. No other pleadings shall be allowed ...." Moreover, a motion is "an application to the court for an order ...." Ind. Trial Rule 7(B).

It is apparent to us that pursuant to the trial rules, a "motion" is not a "pleading," as defined by Trial Rule 7(A). *See, e.g., Rivera ex rel. Rivera v. City of Nappanee*, 704 N.E.2d 131, 132 (Ind.Ct.App.1998), *trans. denied* ("neither a motion nor a party's response to a motion is considered a pleading"). To equate a motion to intervene with a complaint is to stretch the rules beyond reason. Accordingly, even if we were to agree with Wachstetter that the trial court should have granted his motion to amend his original pleading to include the mechanic's lien claim, the amendment would apply to his *cross-claim*, not his motion to intervene. And as already noted, his cross-claim was filed too late to preserve a right to enforce his mechanic's lien. Thus, Wachstetter was simply ten months too late when he filed his first pleading.

██ Additionally, we note that there is no evidence in the record to suggest that the trial court abused its discretion in denying Wachstetter's motion as it relates to his cross-claim. Not only does the cross-claim fail to ask that his mechanic's lien be foreclosed, it fails to even mention the mechanic's lien. The trial court concluded as follows: "[t]he Court does not find in its' [sic] record that [Wachstetter] has ever asserted a cause of action on foreclosure of mechanic's lien.... [Wachstetter] has filed no action in foreclosure of the mechanic's lien asserted by [Wachstetter]." Appellant's App. p. 33. Thus, notwithstanding Wachstetter's argument that the other parties would suffer no prejudice if the mechanic's lien claim were added after the fact, there is ample support in the record to conclude that, in fact, the parties did not know that Wachstetter was attempting to foreclose on his mechanic's lien until the summary judgment stage. Accordingly, the trial court acted well within its discre-

tion in denying Wachstetter's motion to amend as it related to his cross-claim.

## II. One–Year Enforcement Period

Wachstetter next argues that the trial court erred in granting Johnson's motion for summary judgment and in concluding that he failed to preserve his right to enforce his mechanic's lien by filing a complaint within the one-year statutory enforcement period. Specifically, he contends as follows: (1) the filing of his motion to intervene satisfied the one-year statutory enforcement period; (2) the filing of his motion to intervene tolled the one-year statutory enforcement period; (3) the trial court should have used a substantial compliance standard to determine if he satisfied the one-year enforcement period; and (4) the filing of his motion to intervene substantially complied with the one-year statutory enforcement period.

As we consider Wachstetter's arguments, we note that summary judgment is appropriate only if the pleadings and evidence considered by the trial court show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Owens Corning Fiberglass Corp. v. Cobb*, 754 N.E.2d 905, 909 (Ind.2001); *see also* Ind. Trial Rule 56(C). On a motion for summary judgment, all doubts as to the existence of material issues of fact must be resolved against the moving party. *Owens Corning*, 754 N.E.2d at 909. Additionally, all facts and reasonable inferences from those facts are construed in favor of the nonmoving party. *Id.* If there is any doubt as to what conclusion a jury could reach, then summary judgment is improper. *Id.*

An appellate court faces the same issues that were before the trial court and follows the same process. *Id.* at 908. The party appealing from a summary judgment decision has the burden of persuading the court that the grant or denial of summary judgment was erroneous. *Id.* When a trial court grants summary judgment, we carefully scrutinize that determination to ensure that a party was not improperly prevented from having his or her day in court. *Id.*

The relevant statute states, in pertinent part, as follows:

> [a]ny person having such [mechanic's] lien may enforce the same by filing his *complaint* in the circuit or superior court of the county where the real estate or property on which the lien is so taken is situated, at any time within one (1) year from the time when said notice has been received for record by the recorder of the county ... and if said lien shall not be enforced within the time prescribed by this section, the same shall be null and void ....

Ind.Code § 32–8–3–6 (emphasis added).

### A. Satisfaction of the One–Year Period

■ In essence, Wachstetter contends that in his situation, the statutory requirements conflicted with Trial Rule 24, which governs motions to intervene: the "statutory requirement to file a 'complaint' within the one year enforcement period must yield to T.R. 24 when there is a pending action involving the real estate in question." Appellant's Br. p. 18. Accordingly, he argues that by filing his motion to intervene, he satisfied the statutory one-year enforcement period.

■ We agree that the Indiana trial rules govern procedure and practice in all civil suits and that conflicting statutes have no force or effect. *Phillips v. Bd. of Zoning Appeals*, 661 N.E.2d 903 (Ind.Ct.App. 1996). But Wachstetter does not articulate how, exactly, he believes that Trial Rule 24 governing motions to intervene

conflicts with the statutory one-year enforcement period for mechanic's liens. He notes that when filing a motion to intervene, the intervenor must serve parties according to Trial Rule 5, but neglects to note how this rule causes a conflict with the statute. It is apparent to us that nothing prevented Wachstetter from filing his cross-claim immediately after he filed his motion to intervene. For some unknown reason, he delayed filing his cross-claim for almost eighteen months after he filed his motion to intervene. Whatever the reason, it was not the result of any conflict between Trial Rule 24 and the statutory one-year enforcement period.

As to whether filing the motion to intervene complied with the statutory requirement to file a "complaint" to preserve the right to enforce a mechanic's lien, we note that courts are obliged to respect the plain language of a statute. *Sholes v. Sholes*, 760 N.E.2d 156, 159 (Ind.2001). The statute at issue here could not be more plain: to enforce a mechanic's lien, the lienholder must file a *complaint* within one year of recording the lien, and if he fails to do so, the lien is null and void. We agree with the *Sholes* court that "[w]e see no basis in the statute to suggest any unusual or stylized meaning of a commonly understood word." *Id.* (considering the word "shall"). "Complaint" is a commonly understood word and Wachstetter has offered no authority to suggest that it should include motions to intervene or any other legal document that is not a complaint.

Indeed, a complaint must put parties on notice that a claim is being asserted in the way that it is drafted and captioned. Ind. Trial Rule 10(A). It must also include a claim for relief. Ind. Trial Rule 8(A). A motion need not fulfill the same requirements. T.R. 7(B), 24. If we were to conclude that a motion to intervene is the same thing as a complaint for statutory purposes, we would require parties to speculate as to whether a legal document really is what it claims to be—an untenable result. Accordingly, the trial court properly concluded that Wachstetter did not comply with the statutory one-year enforcement period by filing a motion to intervene instead of a complaint.

### B. Tolling of the One–Year Period

■ Wachstetter next argues that even if the motion to intervene did not satisfy the statutory requirements for preserving his right to enforce the mechanic's lien, it served to toll the one-year enforcement period. In particular, he points to Indiana Trial Rule 3, which states, in pertinent part, that "a civil action is commenced by filing with the court a complaint or such equivalent pleading or document as may be specified by statute . . . ." According to Wachstetter, the motion to intervene was an "equivalent pleading" that served to toll the one-year enforcement period just as a complaint used to do for an applicable statute of limitations under the former version of Trial Rule 3.

We first note that we have already concluded herein that a motion to intervene is not a pleading. We next point out that the document "specified by statute" that must be filed to satisfy the one-year enforcement period is a *complaint*. I.C. § 32–8–3–6. There is no support in Rule 3 or otherwise for Wachstetter's contention that filing a motion to intervene tolled the one-year enforcement period. Accordingly, the trial court properly concluded that Wachstetter was barred from enforcing the mechanic's lien.

### C. Substantial Compliance

■ Wachstetter next argues that the trial court should have required only substantial, rather than strict, compliance with the terms of the applicable statute. He

further contends that he substantially complied with the one-year enforcement period by filing a motion to intervene.

Even if we accept for argument's sake that a lienholder need only substantially comply with the terms of the applicable statute, Wachstetter does not meet that low bar. The statute requires a lienholder to file a complaint to enforce a mechanic's lien within one year of recording. Wachstetter did not file a complaint within one year. He filed a motion to intervene, asking the trial court to issue an order adding him as a party to an ongoing lawsuit but not stating a cause of action against anyone. In effect, Wachstetter asks us to hold that a lienholder who takes virtually any legal action during the applicable timeframe has substantially complied with the terms of the statute. Again, the statute could not be plainer: only the filing of a complaint preserves the right to enforce a mechanic's lien. I.C. § 32–8–3–6. Concluding that filing a motion would satisfy this requirement would be to strip the statute of all meaning, which we shall not do. Accordingly, we conclude that the trial court properly held that Wachstetter is barred from enforcing his mechanic's lien.

The judgment of the trial court is affirmed.

RILEY, J., and MATHIAS, J., concur.