## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 22 2015, 9:55 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

James E. Ayers
Wernle, Ristine & Ayers
Crawfordsville, Indiana

ATTORNEY FOR APPELLEE

Jeffrey S. Zipes
Coots, Henke & Wheeler, P.C.
Carmel, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

John E. Servies,

*Appellant-Plaintiff,*

v.

The Kroger Company,

*Appellee-Defendant.*

April 22, 2015

Court of Appeals Case No. 54A01-1408-PL-363

Appeal from the Montgomery Circuit Court

The Honorable Harry A. Siamas, Judge

Cause No. 54C01-1211-PL-996

**Najam, Judge.**

## Statement of the Case

John E. Servies filed a complaint against The Kroger Company ("Kroger") alleging negligence. Following a bench trial, the trial court entered judgment in favor of Kroger. Servies appeals and raises a single issue for our review, which

we restate as whether the trial court erred when it concluded that Kroger did not breach its duty of care to Servies. We affirm.

## Facts and Procedural History

On May 24, 2011, Servies, then eighty-seven years old, drove to a Kroger store in Crawfordsville to pick up prescription medications from the pharmacy. Servies parked his car "at the curb in front of the store" and walked up a ramp towards a "pharmacy window" on the exterior of the store. Appellant's App. at 56-57. Kroger had placed a hanging display of potted plants "above the sidewalk in front of the store," and Servies was trying to negotiate his way through a gap between two hanging plants[1] when someone called his name from nearby. *Id.* at 56. As he turned to see who had called his name, Servies struck his head on a hanging plant, lost his balance, and fell to the ground. Servies sustained injuries as a result of the fall.

On November 15, 2012, Servies filed a complaint against Kroger alleging negligence. Following a bench trial, the trial court entered judgment in favor of Kroger. In particular, the trial court concluded in relevant part as follows:

> 17. Kroger's placement of the hanging pots was ill-advised. The placement certainly was intended to favorably display the pots for sale to Kroger customers approaching the grocery from the parking lot or passing through the parking lot. Kroger placed

---

[1] The plants were hanging from an eight-foot-long cable, and the cable sagged in the middle. "There was an approximate [three-]foot 'gap' between the hanging pots and a yellow ribbon was tied on each end of the gap. Servies had head room to walk under the wire cable from which the pots hung." Appellant's App. at 56.

the hanging pots in the same location as the short ramp that provides access to pedestrians from the parking lot to the sidewalk. The purpose of the ramp presumably is to assist pedestrians who may have trouble stepping up the curb onto the sidewalk. The ramp is near to the Kroger pharmacy walk-up window that allows customers to access the pharmacy without entering the store. There was a three foot "gap" between the pots, and Mr. Servies[,] who was walking up the curb ramp in order to get to the pharmacy window[,] was attempting to negotiate the pot gap when the accident occurred. The Court infers from this that other customers who had difficulty navigating the curb because of physical limitations would have taken the same route that Mr. Servies was taking in order to approach the pharmacy window from the parking lot. It is fair to ask why would Kroger make the business decision to hang pots in a high traffic area when the pots could have been displayed either in a lower traffic area or in a different manner in front of the store? If a better decision about placement of the pots had been made[,] Servies' injury may have been avoided.

18.     However, the legal question to be answered by the Court is somewhat different than the question posed in paragraph 17. Kroger is neither an insurer nor subject to strict liability against accidents that its invitees suffer on its property. In this case[,] Servies testified that he had seen the hanging pots on prior visits to the store and he knew that the pots were hanging in the location to which he was walking. He knew that he could not walk under the pots but that he would have to walk through the three foot gap. Servies is required to prove by the greater weight of the evidence that Kroger was negligent in order to hold Kroger liable for his accident. *This Court must decide whether Kroger breached any duty of care that it owed to Servies*. The comparative knowledge of a possessor of land and an invitee regarding known or obvious dangers may properly be taken into consideration in determining whether the possessor breached the duty of reasonable care under Sections 343 and 343A of the Restatement

(Second) of Torts. *See Tate v. Cambridge Commons Apartments*, 712 N.E.2d 525 (Ind. Ct. App. 1999).

The Court concludes that any risk or danger created by the hanging pots was known to Servies. He knew that the pots were hanging there when he walked toward them up the ramp. He knew that he could not walk under the pots. He knew that he would have to walk through the gap in order to approach the pharmacy window from the ramp. The Court also concludes that Servies has failed to prove by [the] greater weight of the evidence that Kroger should have anticipated the type of accidental injury that Servies suffered when Servies knew that he could not walk into or under the pots but that he must either walk through the gap or take another route around the pots. The condition and risk of the hanging pots would be apparent to and recognized by a reasonable man, in the same position as Servies, exercising ordinary perception, intelligence and judgment. Taking all of this into consideration[,] *the Court concludes that Servies has not proven that Kroger breached any duty that it owed to him*.

19.    Taking the evidence presented to the Court and considering the application of Sections 343 and 343A of the Restatement (Second) of Torts to this evidence[,] the Court must conclude that Servies has not proven by the greater weight of the evidence that Kroger is liable for the unfortunate injuries that he suffered.

It [i]s [t]herefore [o]rdered, [a]djudged, and [d]ecreed that Plaintiff shall take nothing against Defendant.

[4]    *Id.* at 59-61 (emphases added). This appeal ensued.

# Discussion and Decision

[5] Servies contends that the trial court erred when it entered judgment in favor of Kroger. Our standard of review is well settled. The trial court entered findings of fact and conclusions thereon pursuant to Indiana Trial Rule 52(A). We may not set aside the findings or judgment unless they are clearly erroneous. *Menard, Inc. v. Dage-MTI, Inc.*, 726 N.E.2d 1206, 1210 (Ind. 2000). First, we consider whether the evidence supports the factual findings. *Id.* Second, we consider whether the findings support the judgment. *Id.* "Findings are clearly erroneous only when the record contains no facts to support them either directly or by inference." *Quillen v. Quillen*, 671 N.E.2d 98, 102 (Ind. 1996). A judgment is clearly erroneous if it relies on an incorrect legal standard. *Menard*, 726 N.E.2d at 1210.

[6] In conducting our review, we give due regard to the trial court's ability to assess the credibility of witnesses. *Id.* While we defer substantially to findings of fact, we do not do so to conclusions of law. *Id.* We do not reweigh the evidence; rather, we consider the evidence most favorable to the judgment with all reasonable inferences drawn in favor of the judgment. *Yoon v. Yoon*, 711 N.E.2d 1265, 1268 (Ind. 1999).

[7] In his argument on appeal, Servies first appears to contend that the trial court erred when it concluded that Kroger did not owe Servies any duty of care. In particular, Services maintains that

> [t]he Trial Court has mistakenly confounded what could be
> class[ified] as contributory negligence with the concept of
> incurred risk, where the Plaintiff has voluntarily or knowingly or

> intentionally risked the hazard. The view of the Trial Court is
> that the act by the Plaintiff absolves the landowner of
> responsibility and *erases* the duty owed to the invitee. That is
> incorrect.

Appellant's Br. at 9 (emphasis original).[2] But Servies misunderstands the trial court's findings and conclusions.

[8] To prevail on a theory of negligence, Servies was required to prove: 1) that Kroger owed him a duty; 2) that it breached the duty; and 3) that his injury was proximately caused by the breach. *Harradon v. Schlamadinger*, 913 N.E.2d 297, 300 (Ind. Ct. App. 2009), *trans. denied*. Here, it is undisputed that Servies was Kroger's invitee at the time of the fall. Accordingly, as a matter of law Kroger owed him a duty to exercise reasonable care for his protection while he was on the premises. *Id.* at 300-01. But, contrary to Servies' argument on appeal, the trial court did not conclude that Kroger owed no duty to Servies. Instead, the trial court concluded that the preponderance of the evidence showed that Kroger did not breach its duty to Servies. Servies' contention on this issue is without merit.

---

[2] Servies cites case law regarding the affirmative defense of incurred risk, but Kroger did not assert that affirmative defense in its answer, and the trial court does not refer to incurred risk in its findings and conclusions. Instead, the trial court based its judgment on the Restatement (Second) of Torts §§ 343 and 343A, which we discuss below. Our supreme court has explained the difference between those Restatement sections and the affirmative defense of incurred risk as follows: "For purposes of analysis of breach of duty [under §§ 343 and 343A], a landowner's knowledge is evaluated by an objective standard. This is in contrast to the determination of the defense of incurred risk, wherein the invitee's mental state of venturousness (knowledge, appreciation, and voluntary acceptance of the risk) demands a subjective analysis of actual knowledge." *Douglass v. Irvin*, 549 N.E.2d 368, 370 (Ind. 1990).

Next, Servies contends that, "[t]he Trial Court, by incorrect application of assumption of risk[,] has treated Kroger as an entity entitled to the contributory negligence defense, has failed to weigh and compare the fault of the parties[,] and [has] denied Servies the benefit and right of a comparative fault judgment." Appellant's Br. at 12. In essence, Servies maintains that the trial court erred in its application of case law and the Comparative Fault Act[3] ("the Act") in entering judgment in favor of Kroger. We cannot agree.

"The primary objective of the Act was to modify the common law rule of contributory negligence under which a plaintiff was barred from recovery where he was only slightly negligent." *Mendenhall v. Skinner & Broadbent Co.*, 728 N.E.2d 140, 142 (Ind. 2000). "The Act seeks to achieve this result through proportional allocation of fault, ensuring that each person whose fault contributed to cause injury bears his or her proportionate share of the total fault contributing to the injury." *Id.* But where, as here, the factfinder concludes that the defendant did not breach its duty to the plaintiff, the plaintiff's claim is barred, and there is no fault to allocate to the defendant. *See* Ind. Code § 34-51-2-6. To the extent Servies contends that the trial court erred in its application of the Comparative Fault Act, because the court concluded that Kroger did not

---

[3] Indiana Code Section 34-51-2-6 provides in relevant part that, in an action based on fault that is brought against one defendant, the claimant is barred from recovery if the claimant's contributory fault is greater than the fault of all persons, including nonparties, whose fault proximately contributed to the claimant's damages.

breach its duty to Servies, Servies was solely at fault, and his claim was barred under the Act.

[11] To the extent Servies contends that the trial court erred when it concluded that Kroger did not breach its duty to Servies, that contention amounts to a request that we reweigh the evidence, which we will not do. Our supreme court has held that "[t]he comparative knowledge of a possessor of land and an invitee regarding known or obvious dangers may properly be taken into consideration in determining whether the possessor breached the duty of reasonable care under Sections 343 and 343A of the Restatement (Second) of Torts." *Smith v. Baxter*, 796 N.E.2d 242, 245 (Ind. 2003). The standard for determining whether there has been a breach of duty with respect to an allegedly obvious danger under Section 343 is: (1) whether the landowner knew or by the exercise of reasonable care would have discovered the dangerous condition and should have realized that it involved an unreasonable risk of harm to invitees; (2) whether the landowner should have expected that an invitee would fail to protect himself from the danger; and (3) whether the landowner failed to exercise reasonable care to protect the invitee. *See Countrymark Cooperative, Inc. v. Hammes*, 892 N.E.2d 683, 691 (Ind. Ct. App. 2008), *trans. denied*. And Section 343A, "which is meant to be read in conjunction with section 343," provides that a possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness. *Id.* at 688-89.

[12] Here, the evidence supports the trial court's findings and conclusions on the issue of the comparative knowledge of Kroger and Servies regarding known or obvious dangers on the premises. The evidence supports the trial court's findings that Servies was aware of the hanging plant display, having seen the display on prior occasions, and that he knew he could not walk underneath the plants but had to walk through the gap between plants.[4] And the trial court's findings support its ultimate conclusion that, because "any risk or danger created by the hanging pots was known to Servies," Kroger did not breach its duty of care it owed to him. Appellant's App. at 60. The trial court's judgment in favor of Kroger is not clearly erroneous.

[13] Affirmed.

Baker, J., and Friedlander, J., concur.

---

[4] Servies states that there is no evidence to support the trial court's finding that Servies knew that he could not walk underneath the hanging pots. But, as Kroger points out, Servies' own trial testimony shows that he knew that the pots were hanging "to[o] low" to enable him to pass underneath the display. Tr. at 61. Servies agreed that he would have had to walk "through the gap" in the hanging pots, which is what he was trying to do at the time of his fall. *Id.*