NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Argued September 12, 2016
Decided December 22, 2016

Before

DIANE P. WOOD, *Chief Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| No. 16-1202 <br><br> MONIQUE COUVILLION, <br>     *Plaintiff-Appellant,* <br><br> *v.* <br><br> SPEEDWAY LLC, <br>     *Defendant-Appellee.* | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. <br><br> No. 1:14-cv-1842-DKL-SEB <br> Denise K. LaRue, *Magistrate Judge.* |

**Order**

Monique Couvillion injured herself while adding air to her car's tires at a Speedway service station in Cumberland, Indiana. Either her foot or the air hose snagged on a pallet of salt bags near the air pump, and she fell awkwardly. The parties agreed to have a magistrate judge decide this suit, see 28 U.S.C. §636(c), which rests on the diversity jurisdiction.

The magistrate judge granted summary judgment to Speedway, 2016 U.S. Dist. LEXIS 6383 (S.D. Ind. Jan. 20, 2016), ruling that it could not be liable because the pallet was easy to see (Couvillion admits seeing it) and Speedway had no reason to anticipate that

accidents would ensue. The fall occurred in daylight and no other elements, such as snow, obscured the view. The magistrate judge applied the standards in *Restatement (Second) of Torts* §§ 343, 343A (1965), which Indiana has adopted for use in premises-liability cases. See, e.g., *Douglass v. Irvin*, 549 N.E.2d 368 (Ind. 1990).

We affirm for substantially the reasons given in the magistrate judge's opinion, though we briefly discuss Couvillion's principal appellate arguments.

She maintains that, even though the pallets were visible, she did not appreciate the tripping hazard and therefore should be able to recover. This is a subjective, plaintiff-specific line of argument. But Indiana law poses an objective inquiry: It asks how owners of business premises should expect reasonable customers to understand and react to risks, not how careless ones might proceed. See, e.g., *Miller v. Rosehill Hotels, LLC*, 45 N.E.3d 15, 20 (Ind. App. 2015) (a risk is "'[o]bvious' [and not a source of liability if] both the condition and the risk are apparent to and would be recognized *by a reasonable person*, in the position of the visitor, exercising ordinary perception, intelligence, and judgment.") (emphasis added).

Couvillion also contends that Indiana's courts favor jury trials in tort suits. See, e.g., *Countrymark Cooperative, Inc. v. Hammes*, 892 N.E.2d 683, 688 (Ind. App. 2008) ("negligence cases are especially fact sensitive and are governed by a standard of the objective reasonable person—one best applied by a jury after hearing all of the evidence.") (citations and internal quotation marks omitted); *Yates v. Johnson County Board of Commissioners*, 888 N.E.2d 842, 847 (Ind. App. 2008); *Winchell v. Guy*, 857 N.E.2d 1024, 1026–27 (Ind. App. 2006). Maybe Indiana's judiciary would have submitted Couvillion's claim to a jury. But federal rules govern the allocation of tasks between judge and jury in federal court. See, e.g., *Mayer v. Gary Partners & Co.*, 29 F.3d 330 (7th Cir. 1994). In federal practice, reflected in Fed. R. Civ. P. 56, the absence of a material factual dispute means that a judge will resolve the case by summary judgment. We know from *Walker v. Armco Steel Corp.*, 446 U.S. 740 (1980), and other decisions, that federal procedure governs all federal cases, even if this implies an outcome different from the one likely in state court.

AFFIRMED

SYKES, *Circuit Judge*, dissenting. Monique Couvillion sustained a serious injury when she tripped and fell while using the air pump at a Speedway service station in Cumberland, Indiana. Two wooden pallets stacked with bags of salt surrounded the pump on either side. To access the air hose, Couvillion had to position her car between the pallets and navigate around them while filling her tires. She fell when her foot or the air hose caught on one of the pallets.

Couvillion sued Speedway in state court alleging that it negligently maintained the premises, creating a dangerous condition that caused her injury. Speedway removed the case to federal court. A magistrate judge entered summary judgment for Speedway and Couvillion appealed.

The parties agree that Indiana's law of premises liability applies. Indiana has adopted §§ 343 and 343A of the *Restatement* (*Second*) *of Torts*:

> **§ 343**. A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
>
> > (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
> >
> > (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
> >
> > (c) fails to exercise reasonable care to protect them against the danger.
>
> **§ 343A(1)**. A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness.

RESTATEMENT (SECOND) OF TORTS §§ 343, 343A(1) (AM. LAW INST. 2016).

The magistrate judge held that no reasonable jury could find that Speedway had breached its duty of care under §§ 343 and 343A. My colleagues affirm that decision, but they give short shrift to a key part of the liability analysis summarized in §§ 343 and 343A.

When a known or obvious premises condition causes injury, the landowner is subject to liability if a reasonable landowner would anticipate that (1) invitees will fail to protect themselves against the condition, or (2) harm may occur despite the obviousness of the condition or an invitee's actual awareness of it. The commentary to § 343A elaborates on these liability principles:

> *f.* There are, however, cases in which the possessor of land can and should anticipate that the dangerous condition will cause physical harm to the invitee notwithstanding its known or obvious danger. In such cases the possessor is not relieved of the duty of reasonable care which he owes to the invitee for his protection. *This duty may require him to warn the invitee, or to take other reasonable steps to protect him, against the known or obvious condition or activity, if the possessor has reason to expect that the invitee will nevertheless suffer physical harm.*
>
> Such reason to expect harm to the visitor from known or obvious dangers may arise, for example, *where the possessor has reason to expect that the invitee's attention may be distracted, so that he will not discover what is obvious, or will forget what he has discovered, or fail to protect himself against it.*

*Id.* § 343A(1) cmt. f (emphases added).

Accordingly, Indiana courts have recognized that "in the proper case, a landowner may anticipate that a known or obvious danger will cause harm to the invitee when, for example, there is reason to expect that the invitee's attention may be distracted." *Merrill v. Knauf Fiber Glass GmbH*, 771 N.E.2d 1258, 1267 (Ind. Ct. App. 2002).

Applying these standards here, a reasonable jury could find that Speedway should have anticipated that customers using ordinary care for their own safety would nonetheless misapprehend the risk presented by the pallets or fail to protect themselves against it. Speedway positioned the pallets on either side of the air pump, blocking access to the pump from the sides. To access the air hose, a customer had to park directly in front of the pump, at an angle between the pallets, leaving little room to navigate on foot to reach the vehicle's tires while using the pump. Speedway's placement of the pallets thus created both a tripping hazard and an obstacle for the air hose to catch on. A reasonable jury could conclude that even though the presence of the pallets was obvious (and Couvillion was in fact aware of them), Speedway should have anticipated that its customers could become distracted while filling their tires or otherwise would fail to adequately protect themselves against the danger presented by the two pallets placed so near to the air pump.

Finally, I have a brief comment about the summary judgment standard. My colleagues write that "[i]n federal practice, reflected in Fed. R. Civ. P. 56, the absence of a material factual dispute means that a judge will resolve the case by summary judgment." Order at 2. Not so. Under Rule 56 (and in state practice), a judge may resolve the case by summary judgment only if there is no material factual dispute "*and the movant is entitled to judgment as a matter of law*." FED. R. CIV. P. 56(a) (emphasis added); *see also* IND. R. TRIAL P. 56(C). The historical facts are undisputed here, but it doesn't follow that a judge decides liability. Couvillion is entitled to have a jury determine Speedway's liability *unless* on this record no reasonable jury could find a breach of duty under §§ 343 and 343A. I've already explained why a reasonable jury could find that Speedway breached its duty to invitees.

I would reverse the judgment of the district court and remand the case for a jury trial.