## MAGGART *v.* FREEMAN.

PLEADING.—FRAUD.—Suit by A against B for fraud in the sale of real estate. The complaint alleged that B procured one C to make grossly false representations, upon which A relied, concerning the location, value and character of the land, which was situated in a distant county and not subject to examination, B knowing that such representations were false.

*Held*, that the complaint contained a good cause of action.

DEPOSITIONS.—MOTION TO SUPPRESS.—Where a motion is made to suppress depositions, the reason relied on should be pointed out.

SAME.—STATUTE CONSTRUED.—Under section 267, 2 G. & H., p. 178, it is not necessary that depositions taken in an action which has been dismissed,

should be filed with the papers of a subsequent action for the same cause, or that notice should be given of the intention to use them on the trial of the latter action, before offering them in evidence.

APPEAL from the *Grant* Circuit Court.

FRAZER, J.—This was a suit by *Freeman* against *Maggart* for fraud in the sale of real estate by the defendant to the plaintiff. A demurrer to the complaint was overruled, and this is assigned for error. It is urged here against the complaint, that its averments fail to show that any fraud was practiced by the defendant upon the plaintiff; that one *Conner*, a third person, and not the defendant, appears to have been solely guilty. The complaint, however, alleges that the defendant fraudulently procured *Conner* to make grossly false representations, upon which the plaintiff relied, concerning the location, value and character of the land, which was situated in a distant county and not subject to examination, the defendant knowing such representations to be false. This seems to us sufficient to fix upon the defendant responsibility for *Conner's* acts.

The verdict, $800 for the plaintiff, is claimed to be against the evidence, and excessive in amount, and it is argued that the court below therefore erred in refusing a new trial. We have looked through the evidence with care, and find that we cannot disturb the verdict without a manifest disregard of the principles, long established, which govern this court when it is called upon to determine that the evidence does not support the verdict.

In a former cause between the same parties, depositions had been taken which had remained on file in the clerk's office with the papers of that cause until the clerk, after the commencement of the trial of this cause, brought them into court, and they were then offered in evidence to the jury by the plaintiff. The defendant objected to the admissibility of the depositions in evidence, for the reason that they had not, before the trial began, been filed with the papers of this cause, or notice given of the plaintiff's intention to use them as evidence. The objection was overruled, and thereupon the

defendant moved to suppress the depositions, but the court refused to entertain the motion. These rulings are questioned here. The latter, however, is probably not presented by the record, so as to be properly subject to review, for the reason that it was not assigned as a cause for a new trial. It may be remarked, however, that the motion was too general to require the court below to pass upon it. No defect in the depositions or their authentication, or any other reason for suppressing them, was specified, none is suggested here, and we see none. It would be very unreasonable to allow a party to put the court upon a general search of the depositions, by a motion to suppress them in mass, which specifies no reason whatever for so doing. Our practice, and the decisions of this court, give no warrant to such a proceeding. Secret pitfalls in the path of the court, if the figure of speech may be allowed, can rarely, if ever, be of avail to get error upon the record. Where the reasons for a motion or objection are so obvious that they cannot escape notice, it would be a technical absurdity to require the idle form of specification. But so many reasons may exist for suppressing depositions, that fairness requires that the one relied on in the given case should be pointed out, so that it may not be overlooked by the court. It may be a question whether a motion to suppress a deposition taken in a former cause, which had been dismissed, when the deposition had, as appears, never been actually read in evidence in that cause, could be made at all in this cause, and whether if so, it did not come too late after the jury had been sworn. But these questions need not be determined now.

The objections made to the admissibility of the depositions in evidence, to-wit, that they had not been previously filed with the papers of this case, and that no notice had been given of an intention to use them, are fully met by the statute. It authorizes the use in evidence of such depositions if it appears, first, that they have been duly filed in the court where the previous suit was pending; second, that they have remained on file from the dismissal of the previous

suit until the time at which it is proposed to use them.   2 G. & H., § 267, p. 178.   The courts cannot annul this enactment by annexing conditions precedent to the use of such evidence, which the legislature has not required.

The judgment is affirmed, with five per cent. damages and costs.

*A. Steele* and *R. T. St. John*, for appellant.

*I. Vandevanter, J. F. McDowell* and *J. Brownlee*, for appellee.