John O. SMITH and Rufus Smith,
Appellants (Defendant below),

v.

Mark J. BAXTER, Appellee
(Plaintiff below).

No. 87S05–0209–CV–468.

Supreme Court of Indiana.

Sept. 23, 2003.

David L. Clark, Clark & Steedman, Evansville, IN, Attorney for Appellant.

Ronald Warrum, Evansville, IN, Attorney for Appellee.

DICKSON, Justice.

A jury verdict awarded plaintiff Mark Baxter $600,000 in damages after finding him 40% at fault and finding defendants John and Rufus Smith 60% at fault with regard to Baxter's fall from a ladder on the Smiths' farm. The defendants appealed, raising a single issue: whether the trial court erred in denying their motion for judgment on the evidence. The Court of Appeals reversed in a memorandum decision. We granted transfer, 783 N.E.2d 695 (Ind.2002) (table), and now affirm the trial court.

■ The standard of review for a challenge to a ruling on a motion for judgment on the evidence is the same as the standard governing the trial court in making its decision. *Kirchoff v. Selby,* 703 N.E.2d 644, 648 (Ind.1998); *Bals v. Verduzco,* 600 N.E.2d 1353, 1357 (Ind.1992). Judgment on the evidence is proper only "where all or some of the issues . . . are not supported by sufficient evidence." Ind. Trial Rule 50(A); *Kirchoff,* 703 N.E.2d at 648; *Benante v. United Pacific Life Ins. Co.,* 659 N.E.2d 545, 547 (Ind. 1995). The Court looks only to the evidence and the reasonable inferences drawn most favorable to the non-moving party,

and the motion should be granted only where there is no substantial evidence supporting an essential issue in the case. *Kirchoff,* 703 N.E.2d at 648; *Clark v. Wiegand,* 617 N.E.2d 916, 918 (Ind.1993). If there is evidence that would allow reasonable people to differ as to the result, judgment on the evidence is improper. *Benante,* 659 N.E.2d at 547.

The defendants contend that there is no evidence that they breached any duty owed to the plaintiff. Specifically, they claim that because the plaintiff's knowledge of any safety deficiencies in the ladder from which he fell was equal to or greater than that of the defendants, the defendants did not breach their duty of reasonable care to the plaintiff. They argue that without any breach, there is no fault on the part of the defendants. The plaintiff argues that with the adoption of the Indiana Comparative Fault Act, incurred risk was eliminated as a complete defense and requires that conduct previously constituting the defense of incurred risk must now be apportioned along with the fault of others in determining liability. Resolution of the parties' disagreement requires us to determine, in the analysis of a negligence claim, the proper role of the parties' relative knowledge of the risks involved. The question is whether such knowledge is relevant not only to apportioning fault but also to determining whether the defendants breached their duty of reasonable care.

■ As the defendants acknowledge, the comparative knowledge of a possessor of land and an invitee is not a factor in assessing whether a duty exists, but it is properly taken into consideration in determining whether such duty was breached. *Douglass v. Irvin,* 549 N.E.2d 368, 370 (Ind.1990). *Douglass* quoted with approval both Sections 343 and 343A of the Restatement (Second) of Torts (1965):

§ 343. Dangerous Conditions Known to or Discoverable by Possessor

A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he:

(a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and

(b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

(c) fails to exercise reasonable care to protect them against the danger.

§ 343 A. Known or Obvious Dangers

(1) A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness.

(2) In determining whether the possessor should anticipate harm from a known or obvious danger, the fact that the invitee is entitled to make use of public land, or of the facilities of a public utility, is a factor of importance indicating that the harm should be anticipated.

Restatement (Second) of Torts § 343, § 343A (1965); (*quoted by Douglass,* 549 N.E.2d at 370). In *Douglass* we expressly noted the possibility that consideration of the parties' knowledge of a risk could be appropriate for the determination of both breach of duty and the defense of incurred risk:

For purposes of analysis of breach of duty, a landowner's knowledge is evaluated by an objective standard. This is in contrast to the determination of the defense of incurred risk, wherein the invitee's mental state of venturousness (knowledge, appreciation, and voluntary acceptance of the risk) demands a subjective analysis of actual knowledge. *Thus, factual circumstances may exist in which a court may find that a landowner's failure to take precautions or to warn may constitute a breach of duty because it was reasonably foreseeable that the invitee could suffer harm despite knowledge or obviousness of the risk, and at the same time find that an invitee had actual knowledge and appreciation of the specific risks involved and voluntarily accepted that risk, thus establishing the defense of incurred risk.*

549 N.E.2d at 370 (included citations omitted) (emphasis added). Under this analysis, the fact that an invitee's knowledge of risk is considered in determining whether a possessor of land breached the duty of reasonable care would not preclude reconsideration of the invitee's knowledge in evaluating incurred risk.

The plaintiff correctly points out that *Douglass* was decided before the adoption of the Indiana Comparative Fault Act, which "governs any action based on fault that is brought to recover damages for injury or death to a person or harm to property" and defines "fault" as "any act or omission that is negligent, willful, wanton, reckless, or intentional toward the person or property of others." I.C. § 34–51–2–1(a); 34–6–2–45(b). "The term also includes unreasonable assumption of risk not constituting an enforceable express consent, incurred risk, and unreasonable failure to avoid an injury or to mitigate damages." I.C. § 34–6–2–45(b). Where the Comparative Fault Act applies, it operates to diminish a claimant's recovery by the amount of the claimant's contributory fault, and bars recovery altogether in situations where the claimant's contributory fault is found to be greater than the fault of all other persons whose fault proximate-

ly contributed to the claimant's damages. I.C. § 34–51–2–6(a).

■ In *Heck v. Robey,* 659 N.E.2d 498 (Ind.1995), this Court held that the defense of incurred risk as a complete defense "no longer exists; it is subsumed by the concept of fault in our comparative fault scheme." *Id.* at 504. We added "[a]ny rule that purports to effect an absolute defense based upon incurred risk is contrary to our comparative fault scheme." *Id.* at 505. Under the Comparative Fault Act, a "lack of duty" may not arise from a plaintiff's incurred risk, unless by an express consent. *Id.* Significantly, however, we did not hold that consideration of incurred risk as "fault" necessarily precluded a plaintiff's knowledge of risks from also being evaluated in deciding whether a breach of that duty occurred. While a plaintiff's conduct constituting incurred risk thus may not support finding a lack of duty, such conduct is not precluded from consideration in determining breach of duty.

■ We conclude that our analysis in *Douglass* has not been altered by the Comparative Fault Act. The comparative knowledge of a possessor of land and an invitee regarding known or obvious dangers may properly be taken into consideration in determining whether the possessor breached the duty of reasonable care under Sections 343 and 343A of the Restatement (Second) of Torts. Our Court of Appeals has reached the same conclusion. *Tate v. Cambridge Commons Apartments,* 712 N.E.2d 525, 527–28 (Ind.Ct.App.1999). Resolution of this issue does not, however, determine this appeal. As previously noted, to obtain a reversal of the trial court's denial of the defendants' motion for judgment on the evidence, the defendants must establish that, considering only the evidence and reasonable inferences favorable to the plaintiff, there is no substantial evidence supporting an essential issue in the case.

■ The defendants argue that the plaintiff was very familiar with the ladder from which he fell and that he had experience in climbing all types of ladders. They urge that they had every reason to believe that the plaintiff was as familiar with the ladder on the date of accident as were they, and that the plaintiff would have declined to climb the ladder if it posed an unreasonable risk.

The defendants also argue that to impose liability upon a possessor of land under Sections 343 and 343A requires that an invitee's conduct notwithstanding the known or obvious risk must be undertaken for a "type of 'strong, external compelling circumstance.'" *Tate,* 712 N.E.2d at 528, *quoting Ooms v. U.S.X. Corp.,* 661 N.E.2d 1250, 1255 (Ind.Ct.App.1996). Both *Tate* and *Ooms* draw this requirement from *Get–N–Go, Inc. v. Markins,* 544 N.E.2d 484, 487 (Ind.1989). *Tate,* 712 N.E.2d at 528; *Ooms,* 661 N.E.2d at 1255. But *Get–N–Go* discussed this requirement in determining whether a plaintiff incurred the risk of her injuries as a matter of law. It did not involve liability arising under Sections 343 and 343A. There is no requirement under these sections that an invitee's conduct be undertaken for compelling circumstances.

The evidence at trial informs us that the defendants are brothers who own a farm. Some time in the 1960's, they erected several grain bins on their property, installing a ladder on each bin. The ladder was installed with equipment supplied with the bin kits, and the rungs of the ladder were not as wide or as far away from the side of the bins as the American National Standards Institute suggests they should be, nor were they covered with any non-slip material. The defendants were familiar

with the ladder, having climbed it during harvests and at other times when removing grain for approximately thirty years. Defendant Rufus Smith testified that he believed that climbing the ladder was cause for concern, and defendant John O. Smith testified that he believed that the ladder was very dangerous, but not more so than any ladder on a grain bin. Tr. at 20, 184. The plaintiff is defendant John O. Smith's son-in-law. He helped on the farm regularly after his marriage in 1978, climbing the ladders on the grain bins several times over the years. He was never paid for his work. On the day that the plaintiff was injured, his father-in-law, defendant John O. Smith, asked the plaintiff to go up the ladder onto the bin. The plaintiff would have done anything for his father-in-law. Tr. at 103. Both the plaintiff and defendant John Smith climbed the ladder earlier that day, and they commented to each other that the ladder was damp with dew. Tr. at 186. Later that day, the plaintiff climbed the ladder again, and slipped and fell as he was starting to go back down. In addition to maintaining a ladder with rungs too close to the bin to permit a proper foothold, and one without railings or a grab bar at the top, neither of the defendants told the plaintiff not to go up the ladder, or to wipe the dew off of his shoes and the rungs of the ladder, or to wait until the dew was gone. At trial, the plaintiff testified that there was nothing that the defendants could have told him about the ladder that he did not already know. Tr. at 167.

The evidence thus shows that the defendants were aware of risks presented by the ladder, having not only constructed it on their property, but also having used it regularly since its construction. They recognized that the ladder was dangerous, and that it was particularly dangerous on the day of the incident. It is also reasonable to infer that the defendants were aware that Baxter would climb the ladder at their request despite its obvious hazards. Substantial evidence exists that the defendants knew or should have known that climbing the bin ladder at the time of the incident involved an unreasonable risk of harm.

It is a much closer question as to whether there was substantial evidence that (1) the defendants should have expected that the plaintiff would not discover or realize the danger, or fail to protect himself against it, and (2) the defendants should have anticipated the harm despite the plaintiff's knowledge or the obvious nature of the risk. Because we must look only to the evidence and the reasonable inferences most favorable to the plaintiff as a non-moving party, and because the motion for judgment on the evidence is proper only where there is no substantial evidence supporting an essential issue in the case, we decline to reverse the trial court. The interpretation of the evidence, with the necessary assessments of weight and credibility, was properly left to the sound judgment of the jury.

The judgment of the trial court is affirmed.

SHEPARD, C.J., and SULLIVAN, BOEHM and RUCKER, JJ., concur.