James C. PURCELL, Appellant–
Plaintiff,

v.

OLD NATIONAL BANK,
Appellee–Defendant.

No. 49A02–1005–CT–482.

Court of Appeals of Indiana.

Aug. 12, 2011.

Thomas D. Collignon, Patrick J. Dietrick, Collignon & Dietrick, P.C., Indianapolis, IN, William W. Wilkins, Dennis J. Lynch, Travis C. Wheeler, Nexsen Pruet,

LLC, Columbia, SC, Attorneys for Appellant.

Mark J.R. Merkle, Greg A. Small, Krieg DeVault LLP, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MAY, Judge.

James Purcell appeals a directed verdict in favor of Old National Bank (ONB). On cross-appeal, ONB appeals the denial of its motion to fees and costs. We affirm in part, reverse in part, and remand.

## FACTS AND PROCEDURAL HISTORY

In 1998, Purcell and Richard Knight established Midwest Fulfillment, Inc. (MWF), a company that provided order fulfillment services to retailers. As the company grew it began to offer temporary labor services. Joseph Stein joined the company in late 2001. In June 2002, Purcell sold his ownership interest in MWF to Knight and Stein, and the parties executed a redemption agreement.

The relevant terms of the redemption agreement are: (1) MWF would pay Purcell $1.2 million in four annual installments and make monthly interest payments on the outstanding principal balance of that amount; (2) Purcell had a security interest in all assets of MWF; and (3) MWF was to provide Purcell with monthly and year-end financial statements. MWF would be in default of the redemption agreement if it did not comply with any term of the agreement, or if its "current ratio," defined by the parties as the "current assets divided by total current liabilities," fell below 1.0 for any three months of a year. (*See* App. at 293) (terms of default); (*see also* Tr. at 40 and Br. of Appellant at 4) (definition of "current ratio"). If MWF defaulted, Purcell could "come back in and take the company over" and he would "own 100 percent of the company." (Tr. at 34–35.)

In late 2002, MWF applied for a loan from ONB. Joseph Howarth was the loan officer assisting MWF. As part of the application process, MWF disclosed the terms of the redemption agreement with Purcell. Before it would loan money to MWF, ONB required that Purcell sign a subordination agreement, which made his security interest in MWF's assets subordinate to ONB's security interest in MWF's assets. Purcell signed that agreement.

In February and March 2003, MWF's "current ratio" fell below 1.0; if the ratio remained below 1.0 in April, MWF would be in default of the redemption agreement with Purcell and Purcell would be permitted to take over the company. In April 2003, Stein gave Purcell a balance sheet that stated MWF's "current ratio" was above 1.0 because MWF's income included $613,461.19 for "Misc. Billing to Customers." (App. at 174.)

Stein later admitted the income figure was based on invoices to MWF's landlord for work that was neither ordered nor completed. Stein stated, "That receivable was to serve notice to our landlord that we intended to sue him for breach of lease." (Tr. at 77.) When asked if the income figure was "intended to reflect the accurate financial picture for [MWF]," Stein answered, "It was not, you're right." (*Id.*)

MWF's financial condition worsened, and in July 2003, it closed. ONB seized all remaining assets to satisfy the loan obligation, but the sale of those assets did not cover MWF's outstanding loan balance with ONB. Because Purcell had subordinated his interest to ONB's, he did not receive the remainder of the money he was due from MWF for his share of the company.

In August 2004, Purcell sued ONB for negligence, tortious interference with a contract, actual fraud, constructive fraud, and deception pursuant to Ind.Code § 34–4–30–1. All of those claims rested on Purcell's assertion that he suffered damages because Howarth told Stein to include the false income figure of $613,461.19 on the April 2003 balance sheet. On December 5, 2005, the trial court granted summary judgment for ONB, finding Purcell's claims were barred by the terms of the subordination agreement between Purcell and ONB. We reversed:

> Because the Subordination Agreement raises matters outside the scope of Purcell's *prima facie* case and operates, instead, to bar Purcell's recovery, it is an affirmative defense. Because the Subordination Agreement was not included in the Bank's answer, it is waived and cannot be the basis for the Bank's motion for summary judgment.

*Purcell v. Old National Bank*, No. 49A02–0512–CV–1209, slip op. at 3 (Ind.Ct.App. December 28, 2006).

Based on our decision, ONB moved to amend its answer to include the subordination agreement, and the trial court denied its request. ONB again filed for summary judgment and the trial court denied the motion. Purcell filed a motion *in limine* to exclude evidence and testimony regarding the subordination agreement, but the trial court denied his motion because the jury "would not be able to understand the case without dealing with the Subordination Agreement." (Tr. at 18.)

At trial, Purcell presented evidence of an answer to an interrogatory that Stein had given in a different proceeding between Purcell and MWF. The interrogatory asked Stein to explain the reasons for the inclusion of a list of line items on various balance sheets, including "for the month of April 2003, the 'Misc. Billing to

Customers' of $613,461.19 reported on page 9[.]" (App. at 360.) Stein answered, "All instances were adjustments made to the receivable [on the April 2003 statement] from Meridian Properties, Inc. and/or Sharp Companies [were] done in accordance with instruction from Joe Howarth at [ONB] to remain in compliance with the loan documents between [MWF] and [ONB]." (*Id.* at 361.) Purcell argued Stein's statement proved Stein falsified the April 2003 receivable figure at Howarth's direction. However, in their trial testimonies, Stein and Howarth both denied any such communication occurred.

At the close of Purcell's case in chief, ONB moved for judgment on the evidence. The trial court granted ONB's motion on the sole ground "the bank had no duty to [Purcell]." (*Id.* at 387.)

## DISCUSSION AND DECISION

When we review a ruling on a motion for judgment on the evidence, we apply the same test applied by the trial court in making its decision. *Smith v. Baxter*, 796 N.E.2d 242, 243 (Ind.2003). Judgment on the evidence is proper only "where all or some of the issues in a case tried before a jury ... are not supported by sufficient evidence." Indiana Trial Rule 50(A). We look only to the evidence in favor of the non-movant and reasonable inferences to be drawn therefrom. *Smith*, 796 N.E.2d at 243. If the evidence would allow reasonable people to reach different results, judgment on the evidence is improper. *Id.* Questions of law are reviewed *de novo*. *Cavens v. Zaberdac*, 849 N.E.2d 526, 529 (Ind.2006).

### 1. *Negligence*

To establish a *prima facie* negligence case, the plaintiff must show: "(1) duty owed to plaintiff by defendant; (2) breach of duty by allowing conduct to fall

below the applicable standard of care; and (3) compensable injury caused by defendant's breach of duty." *Williams v. Cingular Wireless,* 809 N.E.2d 473, 476 (Ind. Ct.App.2004), *trans. denied.* Whether there is a duty is dispositive, as "absent a duty, there can be no breach, and therefore, no recovery in negligence." *Id.*

 Purcell was not a customer of ONB, and a bank generally does not owe a duty of care to a non-customer. *Eisenberg v. Wachovia Bank, N.A.,* 301 F.3d 220, 225 (4th Cir.2002). Thus ONB argues it did not owe Purcell a duty of care. While we disagree with ONB's blanket assertion it owes no duty to Purcell as a non-customer, we hold ONB does not owe a duty of care to Purcell by virtue of his status as a subordinate creditor.

 In *Morgan Asset Holding Corp. v. CoBank, ACB,* 736 N.E.2d 1268, 1273 (Ind. Ct.App.2000), the original creditor, Reynolds, sold his debt interest in a utility company to Morgan Asset. CoBank, Reynolds' subordinate creditor, and other creditors of the utility entered into a settlement agreement for the payment of all debts; Morgan Asset was not included in that settlement. Morgan Asset sued CoBank claiming, among other things, that CoBank committed constructive fraud because it did not inform Morgan Asset of the settlement negotiations between CoBank, the other creditors, and the utility. We found CoBank did not owe Morgan Asset a duty because Morgan Asset was CoBank's subordinate creditor. There is similarly no duty in the instant case, as ONB and Purcell do not dispute Purcell was a subordinate creditor of ONB. Thus, Purcell's negligence claim fails and we accordingly affirm the trial court's decision.[1]

### 2. *Actual Fraud*

 Actual fraud requires: (i) material misrepresentation of past or existing facts by the party to be charged (ii) which was false (iii) which was made with knowledge or reckless ignorance of the falseness (iv) which was relied upon by the complaining party and (v) which proximately caused the complaining party injury. *Rice v. Strunk,* 670 N.E.2d 1280, 1289 (Ind. 1996). Purcell contends ONB committed actual fraud by directing Stein to falsify the April 2003 assets figure.

 ONB asserts there can be no fraud because neither it, nor its agent Howarth, made a fraudulent statement directly to Purcell. ONB's argument ignores a long-established principle of law— that it is not essential that a defendant make a fraudulent statement directly to a plaintiff, instead, it is sufficient if the statement to the plaintiff was made by a third person at the behest of the defendant. *See Maggart v. Freeman,* 27 Ind. 531, 532 (1867) (defendant liable for statements made to plaintiff by third party). Therefore, the issue whether a statement was made directly to Purcell is dispositive of Purcell's fraud claim, and the determination whether ONB committed actual fraud was one for the jury. We accordingly

---

1. For the same reason, Purcell's constructive fraud claim fails. The elements of constructive fraud are:

 (i) a duty owing by the party to be charged to the complaining party due to their relationship; (ii) violation of that duty by the making of deceptive material misrepresentations of past or existing facts or remaining silent when a duty to speak exists; (iii) reliance thereon by the complaining party; (iv) injury to the complaining party as a proximate result thereof; and (v) the gaining of an advantage by the party to be charged at the expense of the complaining party.

 *Rice,* 670 N.E.2d at 1284. As explained above, ONB owed no duty to Purcell as he was a subordinate creditor.

remand for consideration of this issue by a jury.[2]

### 3. *Tortious Interference with Contract*

 To recover for tortious interference with a contract, Purcell must prove: (1) there was a valid and enforceable contract; (2) ONB knew about that contract; (3) ONB intentionally induced a breach of that contract; (4) ONB had no justification; and (5) ONB's wrongful inducement of the breach damaged Purcell. *See Bilimoria Computer Systems, LLC v. America Online, Inc.* 829 N.E.2d 150, 156 (Ind.Ct.App.2005).

Purcell and MWF entered into a redemption agreement, ONB knew of the agreement, and Purcell incurred damages when MWF had to cease doing business, as he was not paid the remaining money due to him under the redemption agreement. However, there are questions of fact whether ONB intentionally induced MWF to breach the contract with Purcell by falsifying accounting figures in order to prevent Purcell from redeeming his interest in MWF, and whether ONB had a justification for its alleged actions. Because there was evidence ONB's representative Howarth told Stein to falsify the accounting figures for April 2003, judgment on the evidence was improper. Thus, we remand so a jury may consider this issue.

### 4. *Denial of ONB's Request for Attorney's Fees*

 A trial court may award attorney's fees to the opposing party when a litigant "continued to litigate the action or defense after the party's claim or defense clearly became frivolous, unreasonable, or groundless." Ind.Code § 34–52–1–1(b)(2). A trial court abuses its discretion in deciding whether to award attorney's fees if the decision is "against the logic and effect of the facts and circumstances before the court or if the court has misinterpreted the law." *Chapo v. Jefferson County Plan Comm'n,* 926 N.E.2d 504, 507 (Ind.Ct.App. 2010).

The trial court denied ONB's motion for attorney fees. ONB argues it was entitled to fees because Purcell had "no legal or factual bases for his claims." (Cross–Appellant's Reply at 3.) ONB argues, "The sole basis for Purcell's claims against ONB was the interrogatory response provided by Stein.... Purcell knew in September 2005 that Stein's interrogatory response was not accurate. Once Purcell knew that the interrogatory response was inaccurate, he had no reasonable basis to continue his suit against ONB." (Br. of Appellee at 23.) However, the fact Stein made two conflicting statements is sufficient to present an issue of material fact, making a directed verdict inappropriate. As explained above, the interrogatory and surrounding testimony created a genuine issue of material fact that precludes judgment on the evidence for three of Purcell's claims. We accordingly hold the trial court did not abuse its discretion in denying ONB's request for attorney's fees.

---

**2.** ONB also argues Purcell is not entitled to pecuniary damages for deception because it did not make a statement directly to him. Class A misdemeanor deception occurs when a defendant, "with intent to defraud, misrepresents ... the identity or quality of property." Ind.Code § 35–43–5–3(6). Purcell asserts he is entitled to damages for his pecuniary loss resulting from ONB's deception pursuant to Ind.Code § 34–24–3–1, which permits crime victims to file a civil action to recover damages from the crime. As we hold a direct statement to Purcell by ONB is not dispositive of his fraud claim, ONB's argument fails, and the remaining issue of intent is remanded for consideration by the jury.

## CONCLUSION

The trial court did not abuse its discretion when it granted judgment on the evidence in favor of ONB regarding Purcell's negligence and constructive fraud claims, because ONB did not owe Purcell any duty as a subordinate creditor. However, the trial court abused its discretion when it granted judgment on the evidence on Purcell's other claims, because Stein's answers to an earlier interrogatory present a genuine issue of material fact regarding those claims. Finally, the trial court properly denied ONB's motion for attorney's fees and costs because Purcell's claims were not groundless. Accordingly, we affirm judgment on the evidence for Purcell's negligence claims, affirm the denial of attorney's fees, and reverse the judgment on the evidence for Purcell's actual fraud, pecuniary damages from deception, and tortious interference with contract claims and remand to the trial court for consideration of those issues before a jury.

Affirmed in part, reversed in part, and remanded.

BAKER, J., and BRADFORD, J., concur.