Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEYS FOR APPELLANT:

**JEFFREY J. STESIAK**
**JEROME W. MCKEEVER**
Pfeifer, Morgan & Stesiak
South Bend, Indiana

ATTORNEYS FOR APPELLEE:

**BRIAN M. KUBICKI**
**J. THOMAS VETNE**
Jones Obenchain, LLP
South Bend, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ROBERTA HIMES, | ) | |
| | ) | |
| Appellant/Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 71A05-1305-CT-210 |
| | ) | |
| BRUCE THOMPSON, | ) | |
| | ) | |
| Appellee/Defendant. | ) | |

APPEAL FROM THE ST. JOSEPH SUPERIOR COURT
The Honorable Margot F. Reagan, Judge
Cause No. 71D04-1204-CT-79

**January 24, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Chief Judge**

**Case Summary**

Roberta Himes appeals the jury verdict awarding her $13,600 for damages incurred as a result of Bruce Thompson's SUV pushing another car into her car. She claims that the trial court erred in denying her motion for judgment on the evidence and that the jury verdict was against the weight of the evidence. Thompson cross-appeals, arguing that the trial court erred in denying his motion for judgment on the evidence. Finding that the trial court properly denied both motions for judgment on the evidence and that the jury verdict was not against the weight of the evidence, we affirm.

**Facts and Procedural History**

In July 2011, Thompson was driving on South Bend Avenue in South Bend, Indiana. He was talking on his cell phone while driving. Once he hung up his phone, he was briefly distracted by a person on the side of the road. When he looked back at the road, he noticed that the cars in front of him had stopped. He ran into a car in front of him, causing that car to be pushed into the car in front of it. Although Thompson's air bags never deployed and he had no bruising or soreness, his SUV had hood and grill damage.

The car in front of Thompson was driven by Mark Sinclair, a non-party to this lawsuit. There were two marks on Sinclair's car where Thompson hit him, but none of the taillights on the back of Sinclair's car were broken.

The car in front of Sinclair was driven by Himes. According to Himes, she was stopped for approximately thirty seconds at a red light before Sinclair's car hit hers. She looked into her rear-view mirror and saw that the car behind her was moving a little fast.

According to Himes, she did not know whether Sinclair's car ever stopped before it hit hers. Sinclair's car also pushed Himes's car into the car in front of hers.

Himes stated that the collision knocked her unconscious because she did not remember anything from the time she heard breaking glass until a police officer was at her car door. After the collision, Himes went home. She was in pain. Her left shoulder, left elbow, and left knee were hurting. Because she could not move, Andrew Roberts, who was living with Himes at the time, took her to the emergency room at St. Joseph's Hospital. According to Roberts, Himes was "not able to move [and in] extreme pain" at the hospital. Tr. p. 33. The hospital gave her a shot for her pain and took some x-rays. Once home, Himes felt better, but later in the evening she was in pain again after the shots wore off. After the accident, Himes was unable to work. Roberts had to help her get in and out of bed and off the couch. After the accident her shoulder, back, elbow, and knee continued to bother her. She missed four weeks of work.

Before trial, Himes moved for summary judgment, arguing that there was no genuine issue of material fact because Thompson admitted in his deposition that he took full responsibility for the accident and it was his fault. Appellant's App. p. 18, 24. Thompson, however, argued that there was a genuine issue of material fact because a jury could find that Sinclair's car would have hit Himes's car even if it had not been hit by Thompson's vehicle first. *Id.* at 29. The trial court agreed and denied Himes's motion for summary judgment, stating that genuine issues of fact existed. *Id.* at 32. The trial court also issued a pretrial order, which included Himes's Contentions, Thompson's Contentions, and Contested Issues of Fact. Appellee's App. p. 1-6. At the conclusion of

3

the order, the pretrial order stated that it had been "formulated at a conference at which the parties' counsel appeared, and reasonable opportunity has been afforded counsel for corrections and additions before the court signed it. . . . The pleadings are merged into this order." *Id.* at 5.

A one-day jury trial was held. At trial, Thompson testified that it was his fault for hitting the car in front of his, stating that "I have no qualms with that whatsoever. I should have had my vehicle under control and I didn't. When [Sinclair's] brake lights come on [sic], I was too close to stop." Tr. p. 81. In taking responsibility for the accident, Thompson said, "I hit the vehicle in front of me, yes." *Id.* However, when asked whether he was responsible for pushing Sinclair's car into Himes's car, he said, "I have no idea. I don't know if he hit her, I hit him. I couldn't tell you. I do not know." *Id.* at 82.

After the evidence was presented, Thompson moved for judgment on the evidence, arguing that although there was evidence that Thompson rear-ended Sinclair, there was no evidence that "Sinclair rear-ended Ms. Himes because of what he did." *Id.* at 97. Himes responded that the motion should be denied because Thompson admitted that the accident was his fault. The trial court stated that it was a close case, but ultimately chose to deny the motion. *Id.* at 105.

After the trial court ruled on Thompson's motion for judgment on the evidence, Himes moved for judgment on the evidence, arguing that Thompson did not meet his burden to prove that Sinclair caused or contributed to the car crash. Thompson responded that there was testimony that Sinclair was driving too fast for conditions and never stopped. *Id.* at 106. The trial court denied Himes's motion. *Id.* at 107.

4

The jury concluded that Himes was zero percent at fault, Thompson was sixty-eight percent at fault, and Sinclair was thirty-two percent at fault. Appellant's App. p. 3. The jury also decided that Himes was entitled to $20,000 in damages and that Thompson was liable to Himes for $13,600. *Id.*

Himes appeals, and Thompson cross-appeals.

## Discussion and Decision

Himes makes two arguments on appeal. First, she claims that the trial court erred in denying her motion for judgment on the evidence. Second, she claims that the jury verdict was against the weight of the evidence. Thompson cross-appeals, arguing that the trial court erred in denying his motion for judgment on the evidence.

## I. Jury Verdict

Himes argues that the jury's verdict was against the weight of the evidence because there was "no substantial, probative evidence that the nonparty did anything to cause or contribute to the collision." Appellant's Br. p. 14. On appeal, we will only reverse a jury's verdict when "there is a total failure of evidence or where the jury's verdict is contrary to the uncontradicted evidence." *Ohio Farmers Ins. Co. v. Indiana Drywall & Acoustics, Inc.*, 970 N.E.2d 674, 686 (Ind. Ct. App. 2012), *trans. denied*. We will not reweigh the evidence or judge the credibility of witnesses. *Id.* Instead, we will "determine whether the jury's verdict is supported by substantial evidence of probative value." *Id.* In doing so, "[t]he evidence and all reasonable inferences drawn therefrom will be viewed in favor of the verdict." *Id.*

Himes argues that the jury verdict was against the weight of the evidence because although there was evidence of a car between Thompson's and Himes's, no witness established that the car between Thompson and Himes was driven by Sinclair or identified Sinclair as the third party. Although no evidence at trial established Sinclair was the third party, both Himes's Contention and the Contested Issues of fact in the pretrial report reference the possibility that Sinclair, a third party, was partially responsible for Himes's damages. A pretrial order is to "limit the issues for trial to those not disposed of by admission or agreement of counsel, and such order when entered shall control the subsequent course of action, unless modified thereafter to prevent manifest injustice." Ind. Trial Rule 16(J). It is well settled that a pretrial order controls the proceedings once entered. *Rust-Oleum Corp. v. Fitz*, 801 N.E.2d 754, 757 (Ind. Ct. App. 2004), *trans. denied*. Moreover, "[t]he express purpose of T.R. 16 is to provide for a pre-trial conference to simplify the issues raised by the pleadings and to define these issues within a pre-trial order." *Id.* at 757-58.

Here, the pretrial order shows that a third party may have been partially responsible for the damage to Himes's car. Under the heading "Plaintiff's Contentions," it is written that "[Thompson] struck the rear of a vehicle being driven by Mark Sinclair. Due to the force of the impact, the Sinclair vehicle was pushed into plaintiff, Roberta Himes's vehicle . . . ." Appellee's App. p. 1. Similarly, one of the contested issues of fact at trial was, "Was Mark Sinclair's fault a responsible cause of the accident and the injuries and damages the plaintiff attributes to it?" *Id.* at 2. In simplifying the issues at trial, the Contentions and

6

Contested Issues of Fact establish that Sinclair was driving the car between Himes's and Thompson's.

Second, Himes argues that Thompson "took full responsibility for this accident" and did not know of any facts suggesting that Sinclair was negligent. Appellant's Br. p. 13. Thompson responds that his statement was not a clear and unequivocal admission of liability. Appellee's Br. p. 13.

At trial, Thompson testified as follows:

Q: Okay. And you ran into the back of a vehicle in front of you?
A: Correct
Q: Okay. You took -- you take full responsibility for this accident, don't you?
A: I hit the vehicle in front of me, yes.
Q: You take full responsibility for this accident, right?
A: I hit the vehicle in front of me, yes.
Q: Do you remember when I took your deposition?
A: Yes.
Q: I asked you the question, "Question: Do you take full responsibility for this accident?" Answer was "Yeah."
A: Yes.
Q: Right? And then I asked, "It was your fault?" And you said--
A: Yes.
Q: Exactly. Correct?
A: Correct.

Tr. p. 80-81.

At the deposition and at trial, Thompson had two seemingly different versions of the accident.[1] At the deposition, he took full responsibility for the accident, while at trial he maintained that he was at fault only for hitting the car in front of his. Himes's attorney

---

[1] We say "seemingly different versions of the accident" because, as Thompson convincingly argues, "the accident" may refer to either the collision with Sinclair alone or the complete chain reaction that injured Himes.

impeached Thompson at trial by using the seemingly inconsistent deposition, which may also be used as substantive evidence of his liability. *See* Ind. Evidence Rule 801(d)(1)(A). Ultimately, the decision as to what Thompson admitted to was a question for the jury to decide.

We also agree with Thompson that a jury could reasonably infer that Sinclair did not stop before hitting Himes. Himes testified that the person behind her "was moving a little bit fast, but he was way back." Tr. p. 65. She also stated that she did not know if Thompson hit Sinclair's car before Sinclair's hit hers. *Id.* at 67. Moreover, Thompson testified that the person in front of him "had slammed on his brakes." *Id.* at 86. For this reason, independent evidence exists that Sinclair may have been partially responsible for the damage to Himes's car. The jury's finding that Sinclair was thirty-two percent responsible even though Thompson testified that he took "full responsibility" at his deposition was not against the weight of the evidence.[2]

## II. Thompson's Cross-Appeal

Thompson cross-appeals, arguing that the trial court erred in denying his motion for judgment on the evidence because there was no evidence from which the jury could reasonably infer that Thompson's negligence proximately caused Himes's injuries.

In reviewing a motion for judgment on the evidence, we look "only to the evidence and reasonable inferences most favorable to the non-moving party." *Purcell v. Old Nat'l Bank*, 972 N.E.2d 835, 839 (Ind. 2012). Trial Rule 50(A) states, in relevant part:

---

[2] Himes also contends that the trial court erred in denying her motion for judgment on the evidence under Indiana Trial Rule 50(A). Because we find that the jury verdict is not against the weight of the evidence, we cannot say that the issues determined by the jury were "not supported by sufficient evidence." Ind. Trial Rule 50(A).

8

> Where all or some of the issues in a case tried before a jury . . . are not supported by sufficient evidence or a verdict thereon is clearly erroneous as contrary to the evidence because the evidence is insufficient to support it, the court shall withdraw such issues from the jury and enter judgment thereon or shall enter judgment thereon notwithstanding a verdict.

Indiana Trial Rule 50(A).

To determine whether the evidence is sufficient, we apply both a quantitative and qualitative analysis. Evidence fails quantitatively if "it is wholly absent; that is, only if there is no evidence to support the conclusion." *Purcell*, 972 N.E.2d at 840. However, "[i]f some evidence exists, a court must then proceed to the qualitative analysis to determine whether the evidence is substantial enough to support a reasonable inference in favor of the non-moving party." *Id.*

Evidence fails quantitatively "when it cannot be said, with reason, that the intended inference may logically be drawn therefrom; and this may occur either because of an absence of a witness or because the intended inference may not be drawn therefrom without undue speculation." *Id.* (quoting *Am. Optical Co. v. Weidenhamer*, 457 N.E.2d 181, 184 (Ind. 1983)). In other words, "[i]f there is evidence that would allow reasonable people to differ as to the result, judgment on the evidence is improper." *Smith v. Baxter*, 796 N.E.2d 242, 243 (Ind. 2003).

Here, the evidence does not fail quantitatively or quantitatively. Based upon the evidence at trial, there were at least three cars involved in the accident. Pictures and testimony show that the front of Thompson's SUV, both the back and front of Sinclair's car, and the back of Himes's car were damaged. Moreover, Thompson testified that he took "full responsibility for the accident." Tr. p. 80-81. While it is unclear whether he was

9

specifically referring to the collision with Sinclair or the entire chain reaction, a jury could reasonably conclude that he was referring to the entire series of collisions. If so, the evidence would not fail quantitatively or qualitatively. The trial court properly denied Thompson's motion for judgment on the evidence.

Affirmed.

RILEY, J., and MAY, J., concur.